UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONALD SMOOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:17-cv-00358-WTL-MJD |
| ) | |
| BUREAU OF PRISONS, ) | |
| *et al.* ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

**I. Screening**

Plaintiff Donald Smoot is a prisoner currently incarcerated at the Terre Haute – FCI. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Smoot brings due process claims under the Administrative Procedures Act ("APA"), *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). The complaint names the following defendants: 1) Bureau of Prisons; 2) Director Thomas R. Kane; 3) Warden Kruger; 4) Dr. Thomet; 5) C. Purdue, case manager; and 6) D. Sweeney, admin. He seeks compensatory and punitive damages.

Mr. Smoot's claims are based on his allegation that his request for executive clemency was denied because Case Manager Purdue made a false statement in his record that he had refused to participate in a drug treatment program ("RDAP"). Mr. Smoot further alleges that Mr. Purdue did not inform him that "the RDAP program was mandatory if he was to receive a Computation of Sentence under the Executive Clemency Act." Dkt. No. 1, p. 4.

To be liable for any *Bivens* claim, the defendant must be directly or personally involved in the alleged constitutional deprivation. Supervisory responsibility, *i.e., respondeat superior,* does not apply in *Bivens* cases. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012). There are no allegations of wrongdoing alleged against Director Thomas R. Kane, Warden Kruger, Dr. Thomet, and D. Sweeney. Accordingly, any claims against these defendants are **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Smoot has attached to his complaint a copy of a letter he received from the United States Department of Justice ("DOJ"), Office of the Pardon Attorney, dated November 30, 2016, which informed him that his application for commutation of sentence was considered by the DOJ and by the White House, but was denied. Dkt. No. 1-1, p. 1. The letter stated, "As a matter of well-established policy, we do not disclose the reasons for the decision in a clemency matter." *Id.*

Accordingly, the reason Mr. Smoot's application for executive clemency was denied is unknown and his claim that his request was denied because of any of Mr. Purdue's statements is factually not plausible. More importantly, this Court has no authority to review the President's decision, so any due process claims are meritless. The Constitution gives the President "Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment." U.S. Const. art. II § 2. "The Constitution entrusts clemency decisions to the President's sole discretion." *United States v. Pollard,* 416 F.3d 48, 57 (D.C.Cir. 2005). "Clemency, over which neither Congress nor the courts share any constitutional authority, is more properly the *exclusive* province of the Executive." *Id.* "As stated by Judge Learned Hand, '[i]t is a matter of grace, over which courts have no review.'" *Id.* (quoting *United States ex. rel. Kaloudis v. Shaughnessy,* 180 F.2d 489, 491 (2d. Cir. 1950)). Mr. Smoot simply has no legal entitlement to clemency. Therefore, his due process claims are **dismissed for failure to state a claim upon which relief can be granted.**

The APA claim is **dismissed for failure to state a claim upon which relief can be granted** because no final agency action is alleged. *Builders Bank v. Federal Deposit Ins. Corp.,* 846 F.3d 272, 275 (7th Cir. 2017) (the absence of a final agency decision is a reason to dismiss APA lawsuit); 5 U.S.C. § 701.

"The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008); 28 U.S.C. § 2679(b). There is no FTCA cause of action against individual employees. *Id.* The United States is not included as a defendant in this case, and therefore any FTCA claim is **dismissed without prejudice for failure to state a claim upon which relief can be granted.** *See Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of a complaint are entirely the responsibility of

the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue").

## II. Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through November 27, 2017,** in which to either show cause why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 10/25/17

Distribution:

DONALD SMOOT, 41556-424
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808